## Wolf's Estate.

*Wills—Uncertainty—Accumulations—Act of April 18, 1853.*

A testator by his will directed his administrator to place in a bank or trust company the residue of his estate, to be drawn out at the rate of $5 per week and paid to "the person" who would take care of his son Harry in case of sickness or disability: *Held*, that the bequest was void, as, while it might be void for uncertainty, it would in any event be the trustee's duty to reinvest the fund, which would accumulate in violation of section 9 of the Act of April 18, 1853, P. L. 503.

Adjudication. O. C. Lancaster Co., June T., 1923, No. 35.

*J. E. Senft*, for accountant.

SMITH, P. J., Jan. 31, 1924.—To his will, the testator has added an affidavit certifying its verity. The will is as follows:

"I appoint Martha M. Smith, Wrightsville, Pa., to be Administratrix of my Estate, she to receive five per cent. (5%) of all moneys handled.

"The Administratrix is to see that all my legal debts are paid, and the sum of money remaining after all my legal debts are paid is to be placed in a Trust Company or a Bank by the Administratrix, to be drawn out of the said Trust Company or Bank at the rate of Five Dollars ($5.00) per week, in case of sickness or disability.

"These Five Dollars ($5.00) to be paid by the Administratrix to the person, man or woman, who will take care of my son, Harry E. Wolf, after my death, and if there is any money left, the amount remaining after the death of my son is to be paid out at the discretion of the Administratrix.

"A monument or tomb is to be purchased by the Administratrix, at a cost not to exceed One Hundred Dollars ($100.00). This stone to be purchased as soon after my death as possible.

"The Administratrix is to have the power to allow the Cemetery Company sufficient funds for the perpetual care of the lot of Margaret Beck Wolf, and for my own lot, located in Fairview Cemetery, Wrightsville, Pa., sum not to exceed Twenty-five Dollars ($25.00) for such perpetual care."

It seems to have been the intention of the testator to create some sort of a trust whereby "the person" who, perchance, might care for his son, Harry E. Wolf, "in case of sickness or disability," shall be paid $5 a week. There might never be such a happening. The very uncertainty of the object might defeat its purpose. However that might be, it would be the trustee's duty to invest the fund, and thereby interest would accrue and accumulate, which is in violation of section 9 of the Act of April 18, 1853, P. L. 503. Therefore, the bequest is void, and as to the residue of the estate, the testator died intestate.

From George Ross Eshleman, Lancaster, Pa.